1

DAVID W. DRATMAN
Attorney at Law
State Bar No. 78764
1007 7th Street, Suite 305
Sacramento, California  95814
Telephone: (916) 443-2000
Facsimile:  (916) 443-0989
Email: dwdratman@aol.com

2

3

4

5

6

Attorney for Defendant
ROBERT K. ROBERSON

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

**2:12-cr-0400 TLN**

Plaintiff,

12

**STIPULATION AND ORDER
CONTINUING TRIAL
CONFIRMATION HEARING, AND
EXCLUDING TIME UNDER THE
SPEEDY TRIAL ACT**.

vs.

13

ROBERT K. ROBERSON,

14

Defendant.

15

16

17

The parties request that the trial confirmation hearing, currently set for May 12,

18

19

2016 at 9:30 a.m., be continued to June 2, 2016 at 9:30 a.m. for anticipated change of

20

plea or for trial confirmation hearing; and, stipulate that the time beginning May 12, 2016

21

and extending through June 2, 2016, should be excluded from the calculation of time

22

under the Speedy Trial Act. 18 U.S.C. § 3161.  Although time was previously excluded to

23

24

May 19, 2016 and may have been excluded to June 20, 2016, the date currently scheduled

25

for trial; the parties are submitting this stipulation to avoid any Speedy Trial Act issues.

26

Defense counsel has informed the Assistant United States Attorney that Mr.

27

Roberson will be entering a plea of guilty to the single charge against him in the

28

indictment and that additional time is necessary to prepare and present the Court with a motion for Mr. Roberson to remain out of custody following his plea, pursuant to 18 § U.S.C. 3145(c).   The parties intend to keep the trial date as scheduled until the plea is entered on June 2, 2016.

Accordingly, the parties believe that the forgoing justifies an exclusion of time from the calculation of time under the Speedy Trial Act. The additional time is necessary to ensure effective preparation, taking into account the exercise of due diligence; and, continuity of counsel. (18 U.S.C. § 3161(h)(7)(B)(iv); Local Code T4). The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. (18 U.S.C. § 3161(h)(7)(A)).

Dated: May 6, 2016                          /s/ David W. Dratman
                                            DAVID W. DRATMAN
                                            Attorney for Defendant
                                            ROBERT K. ROBERSON


Dated:  May 6, 2016                         BENJAMIN B. WAGNER
                                            UNITED STATES ATTORNEY

                                            By: /s/ Matthew G. Morris*
                                            MATTHEW G. MORRIS
                                            Assistant U.S. Attorney
                                            *Signed with permission

## **ORDER**

The Court, having considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties, the Court finds that the failure to grant the requested continuance would deny defense counsel reasonable time necessary for

effective preparation, taking into account the exercise of due diligence.   The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and that the time from May 12, 2016 to and including June 2, 2016 shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Code T4 (time for defense counsel to prepare and continuity of counsel pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (B)(iv)).

        IT IS SO ORDERED.

DATED: May 6, 2016

_____
Troy L. Nunley
United States District Judge