UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:12-CR-00400-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT K. ROBERSON, | |
| Defendant. | |

This matter is before the Court on Defendant Robert Roberson's ("Defendant") Emergency Motion for Compassionate Release.  (ECF No. 93.)  The Government filed an opposition.  (ECF No. 96.)  Defendant filed a reply.  (ECF No. 100.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

1

1          **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2          On June 2, 2016, Defendant pleaded guilty to Receipt and Distribution of Material

3   Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252(a)(2).  On March 9,

4   2017, the Court sentenced Defendant to an 87-month term of imprisonment to be followed by 180

5   months of supervised release.  Defendant is currently serving his sentence at FCI Terminal Island.

6   He has served approximately 42 months of his 87-month sentence of imprisonment and his

7   projected release date is July 2023.

8          On October 2, 2020, Defendant filed the instant motion for compassionate release

9   pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 93.)  In his motion, Defendant requests the

10  Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.

11  Defendant is 73 years old and claims he is particularly vulnerable to COVID-19 due to his age,

12  various medical conditions, and current conditions of confinement.  (*Id.*)  In opposition, the

13  Government argues the Court should deny Defendant's motion because there are not

14  extraordinary and compelling reasons for his release, Defendant is a continuing danger to the

15  community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

16  (ECF No. 96.)  The Government also notes Defendant tested positive for COVID-19 in April

17  2020, exhibited mild symptoms prior to testing, and his symptoms fully resolved following

18  isolation.  (*Id.* at 8.)

19         **II.     ANALYSIS**

20                 A.      Exhaustion

21         Generally, a court "may not modify a term of imprisonment once it has been imposed."

22  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

23  compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

24  general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

25                 upon motion of the defendant after the defendant has fully exhausted
                   all administrative rights to appeal a failure of the Bureau of Prisons
26                 to bring a motion on the defendant's behalf or the lapse of 30 days
                   from the receipt of such a request by the warden of the defendant's
27                 facility, whichever is earlier.

28      18 U.S.C. § 3582(c)(1)(A).

1    In the instant case, it is undisputed that Defendant has met the threshold exhaustion

2    requirement.  Defendant made a compassionate release request to the warden on June 22, 2020,

3    which was denied.  (ECF No. 93-3.)  Because more than 30 days have passed since June 22,

4    2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

5                    B.        Extraordinary and Compelling Reasons

6    Despite having met the exhaustion requirement, Defendant is eligible for compassionate

7    release only if he can demonstrate there are "extraordinary and compelling reasons" for a

8    sentence reduction and such a reduction is "consistent with applicable policy statements issued by

9    the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

10    The Sentencing Commission's relevant policy statement on compassionate release

11    identifies medical conditions that satisfy the "extraordinary and compelling" requirement.

12    U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"

13    requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering

14    from a serious physical or medical condition, serious functional or cognitive impairment, or

15    deteriorating physical or mental health because of the aging process, "that substantially

16    diminishes the ability of the defendant to provide self-care within the environment of a

17    correctional facility and from which he or she is not expected to recover."  *Id.*

18    The Government contends BOP medical records do not indicate Defendant has been

19    diagnosed with any health conditions identified by the Centers for Disease Control and

20    Prevention ("CDC") as increasing the risk of severe illness from COVID-19.  (ECF No. 96 at 8.)

21    The Government also emphasizes Defendant already had, and recovered, from COVID-19 with

22    minor symptoms and no apparent complications.  (*Id.* at 8–10.)

23    The Court agrees that Defendant has failed to provide sufficient evidence to meet the

24    extraordinary and compelling requirement.  Defendant's presentence report indicates he suffers

25    from many medical conditions, including partial hand paralysis, an inguinal hernia, abnormal

26    liver function, prediabetes, and cardiac arrhythmia.  In addition, BOP medical records — filed

27    under seal — indicate Defendant was hospitalized for a systemic infection from a scabies

28    infestation in October 2019.  Yet the CDC does not list any of these conditions as high-risk

1    factors for COVID-19 complications.  *See generally People with Certain Medical Conditions*,

2    CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

3    conditions.html (last visited November 5, 2020).

4         Defendant also claims he was diagnosed with severe pulmonary hypertension during a

5    recent stay at the hospital.  (ECF No. 93 at 7, 18.)  Although pulmonary hypertension is listed as a

6    high-risk factor for COVID-19 complications, Defendant has not provided adequate evidence to

7    confirm he actually suffers from that condition.  Defendant submitted a declaration by Shannon

8    R. Pike, MHA, BSN, RN, in which Ms. Pike summarily concludes Defendant "suffers from

9    severe pulmonary hypertension."  (ECF No. 93-1 at 3.)  But it is unclear how Ms. Pike arrived at

10   that diagnosis — or whether she is qualified to provide such a diagnosis — because Defendant

11   has not cited specific medical records that allegedly form the basis for or confirm Ms. Pike's

12   conclusion.  Defendant also argues in his reply that he suffers from dementia, but the CDC has

13   only listed dementia as a condition that "might" increase an individual's COVID-19 risks.  As it

14   is, Defendant has not persuaded the Court that he cannot manage his health conditions through

15   self-care or that the BOP is unable to adequately treat his conditions.  It is also encouraging that

16   Defendant recovered from COVID-19 with mild symptoms and no complications.  Finally, the

17   BOP reports that only 4 inmates are currently positive for COVID-19.

18        The Court is mindful of the cumulative effect of COVID-19 risk factors.  If Defendant had

19   submitted clear medical records verifying a diagnosis of pulmonary hypertension by a medical

20   professional qualified to diagnose and treat such a condition, the outcome may be different.

21   Based on the limited evidence before the Court, however, Defendant has not met his burden to

22   demonstrate he is subject to a serious or unrecoverable condition that substantially diminishes his

23   ability to provide self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  As such,

24   there are not extraordinary and compelling reasons for Defendant's release.

25        Since Defendant has not met the threshold issue of "extraordinary and compelling"

26   circumstances, this Court need not address Defendant's continuing danger to the community or

27   the § 3553(a) factors.

28   ///

4

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 93.)

IT IS SO ORDERED.

DATED:  November 6, 2020

Troy L. Nunley
United States District Judge