UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT K. ROBERSON,<br><br>Defendant. | No. 2:12-cr-00400-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Robert K. Roberson's ("Defendant") Motion for Reconsideration.  (ECF No. 104.)  The Government filed an opposition.  (ECF No. 108.)  Defendant filed a reply.  (ECF No. 110.)  For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2016, Defendant pleaded guilty to Receipt and Distribution of Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252(a)(2). (ECF No. 54.)  On March 9, 2017, the Court sentenced Defendant to an 87-month term of imprisonment to be followed by 180 months of supervised release.  (ECF No. 79.)  Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Terminal Island.  He has served approximately 42 months of his 87-month sentence of imprisonment, and his projected release date is July 22, 2023.

On October 2, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 93.)  In his motion, Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.  (*Id.*)  Defendant is 73 years old and claimed he is particularly vulnerable to COVID-19 due to his age, various medical conditions, and current conditions of confinement.  (*Id.*)  The Court denied Defendant's motion on November 9, 2020, finding Defendant did not meet his burden to show extraordinary and compelling reasons for release because he did not submit evidence showing that he suffers from a medical condition that makes him more vulnerable to COVID-19.  (ECF No. 103.)  Defendant filed the instant motion for reconsideration on November 18, 2020.  (ECF No. 104.)

## II. STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons for Release

In his original motion for compassionate release, Defendant claimed to suffer from pulmonary hypertension. The Court recognized that the Centers for Disease Control and Prevention ("CDC") identifies pulmonary hypertension as a high-risk factor for COVID-19 complications, but it denied Defendant's motion because he did not submit clear medical records verifying his diagnosis. (ECF No. 103 at 4.) In moving the Court to reconsider the denial, Defendant now provides medical records under seal confirming he was diagnosed with "severe pulmonary hypertension" in 2019. (ECF No. 104 at 2.) Defendant explains that he failed to submit the records with his original motion because he mistakenly assumed the Government's submission contained all of his medical records. (*Id.*) The Court finds these circumstances warrant reconsideration under Local Rule 430.1(i).

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n.1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The Government argues Defendant's Bureau of Prison ("BOP") medical records do not indicate he has been diagnosed with a CDC-identified health condition. (ECF No. 108 at 7.) The Government concedes Defendant's records from St. Mary's Medical Center include a diagnosis of "severe pulmonary hypertension," but argues Defendant was not prescribed medication to control such a health condition, nor is his blood pressure regularly monitored. (*Id.* at 8.)

3

The Government's arguments are unpersuasive. Defendant's newly-submitted medical records — the authenticity of which the Government does not contest — indicate that he was transported from the prison to St. Mary's Medical Center due to scabies in October 2019. At some point during his 10-day stay, he was diagnosed with "severe pulmonary hypertension." Curiously, the Court cannot locate any reference to the pulmonary hypertension diagnosis in Defendant's subsequent BOP medical records. The Government does not attempt to explain the omission, nor does it challenge the diagnosis. It is concerning to the Court that information about Defendant's 2019 pulmonary hypertension diagnosis is not reflected anywhere in Defendant's subsequent BOP medical records. It is also concerning that Defendant may in fact have a serious medical condition that the BOP has failed to acknowledge or treat.

The Government next argues that even if Defendant had a recognized risk factor, Defendant already contracted and recovered from COVID-19 with mild symptoms and no apparent complications. (ECF No. 108 at 8.) While it is encouraging that Defendant ultimately recovered from COVID-19, it is possible Defendant could be re-infected and suffer even more severe complications in the future. Further, at 73, Defendant is in the high-risk age group for COVID-19. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), Older Adults, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited December 10, 2020).

Not only do Defendant's age and medical conditions put him at greater risk, but he is housed at FCI Terminal Island, a facility that has experienced a significant COVID-19 outbreak. Although there are currently zero active inmate cases of COVID-19 at FCI Terminal Island, 4 BOP staff members have tested positive for COVID-19, ten inmates have died, and 561 inmates have recovered. The prevalence of the disease in this facility puts Defendant at great and particularized risk due to his age and health conditions.

For these reasons, the Court finds Defendant has met his burden to demonstrate he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n.1(A). As such, there are extraordinary and compelling reasons for Defendant's release.

B. <u>Danger</u>

The Court must also determine that Defendant is not "a danger to the safety of any other person or to the community" before granting compassionate release. *See* U.S.S.G. § 1B1.13(2). The Government argues Defendant is inherently dangerous because he committed a child pornography offense. (ECF No 108 at 13.) Defendant argues he is not a danger to the community because he did not engage in any actual contact with children, his psychosexual evaluation indicated that he is at a low risk to reoffend, he has no criminal history or contact with law enforcement, he has a clean disciplinary record in prison, and the probation officer recommended a downward variance at sentencing based on his low risk of danger to society. (ECF No. 100 at 6.)

The Court agrees with the Government that, as a general matter, the receipt and distribution of child pornography causes considerable harm. But the Court declines to adopt the Government's position that all sex offenders are categorically dangerous and should *never* be granted compassionate release. Here, Defendant has presented ample evidence that he does not pose a danger to the community. Defendant was an elderly, first-time offender. He has no criminal history. The offense conduct occurred over a short period of time, and the probation officer indicated that it appeared to be aberrant behavior based on Defendant's otherwise positive, law-abiding life. Defendant provided evidence that he poses a low risk of reoffending based on a psychosexual evaluation. He complied with the terms of pretrial supervision for four years, which included location monitoring and bi-weekly mental health treatment. He has no disciplinary record in prison. The Court is not persuaded that Defendant's offense conduct, without more, is a sufficient basis for finding him to be a continuing danger. The Court also believes any danger Defendant may pose can be mitigated by conditions of supervised release. For these reasons, the Court finds Defendant does not pose a danger to the community.

C. <u>Section 3553(a) Factors</u>

Lastly, the Court must consider the § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). At sentencing, the presentence report calculated Defendant's sentencing guidelines range to be 97–121 months of imprisonment. The probation

officer recommended a downward variance to 87 months based on the mitigating factors already discussed, in addition to Defendant's age and health issues. The Court ultimately followed the probation officer's recommendation and sentenced Defendant to 87 months in prison.

The Court finds the § 3553(a) factors — specifically Defendant's history, characteristics, and the need to provide medical care in the most effective manner — now weigh in favor of a time served sentence. The COVID-19 pandemic amplifies the Court's concerns about Defendant's health considerably. The Court believes the time Defendant has spent in prison constitutes a just punishment for his serious criminal offenses and is sufficient to deter such conduct in the future and protect the public from further crimes. Put simply, keeping Defendant imprisoned longer would endanger Defendant's health without improving upon the purposes of sentencing.

In sum, Defendant has shown extraordinary and compelling reasons for a sentence reduction because his age and medical conditions put him in significant danger of suffering severe symptoms from COVID-19. The Court also finds Defendant is not a danger to society and the § 3553(a) factors support his release.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Reconsideration. (ECF No. 104.) Accordingly, the Court modifies Defendant's sentence of imprisonment to time served followed by the 180-month term of supervised release imposed in the previous sentence.

In addition, the Court imposes a special condition of supervised release that Defendant be subject to a 12-month period of home confinement, to begin as soon as possible after his release. The terms of the special condition are as follows:

> Defendant shall be monitored for a period of 12 months, with location monitoring technology, which may include the use of radio frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or SmartLink, at the discretion of the probation officer. Defendant shall abide by all technology requirements, which could include the requirement of a cellular phone (SmartLink) or the installation of a landline (VoiceID). Defendant shall pay the costs of location monitoring based upon his ability to pay as directed by the probation officer. In addition to other court-imposed conditions of

release, Defendant's movement in the community shall be restricted as follows:

Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

The Government shall serve a copy of this Order on the warden at FCI Terminal Island forthwith.

Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

DATED:  December 11, 2020

Troy L. Nunley
United States District Judge